IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Brian Travis, | **00C 7963** |
| Plaintiff, | Case No. |
| | JUDGE ASPEN |
| vs. | JURY TRIAL DEMANDED |
| Metro Networks, a subsidiary of Westwood One, Inc, Shadow Broadcast Services, a subsidiary of Westwood One, Inc., and Westwood One, Inc., | MAGISTRATE JUDGE NOLAN |
| Defendants. | |

## COMPLAINT

The Plaintiff, Brian Travis, complains of the defendants as follows:

### NATURE OF THE ACTION

1.  This is an action under Title VII of the Civil Rights Act of 1964, as amended in 1991, and the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981A, seeking to redress unlawful employment practices on the basis of race and to remedy defendants' interference with the rights of plaintiff to make, enter into and enforce contracts.

### JURISDICTION AND VENUE

2.  This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337 and 1343.

3.  Venue is proper because the unlawful conduct alleged herein was committed and continues to occur within the boundaries of the Northern District of Illinois, Eastern Division.

### PARTIES

4.  Plaintiff Brian Travis is a black citizen of the United States who resides in Cook County, Illinois.

5. Defendant Westwood One, Inc is a Delaware corporation doing business in the State of Illinois and the City of Chicago, Illinois, through its wholly owned subsidiaries Shadow Broadcast Services and Metro Networks.

6. Defendant Metro Network is a subsidiary of Westwood One, Inc. doing business in the State of Illinois and in the City of Chicago, Illinois.

7. Defendant Shadow Broadcast Services is a subsidiary of Westwood One, Inc. doing business in the State of Illinois and in the City of Chicago.

## BACKGROUND

8. As set forth in detail below, defendants have accommodated full-time white employees who have lost assignments by finding other work to do to keep them on full-time or simply by allowing them to remain full-time with fewer responsibilities. At the same time, defendants have not done the same for plaintiff.

9. Defendant Westwood One, Inc. (Westwood") is the country's largest radio network, providing over 150 news, sports, music, talk, entertainment programs, features, live events, 24-hour formats and Shadow Broadcast Services including Shadow Traffic, News and Sports. Defendant Westwood One, Inc. services more than 5,000 radio stations around the world.

10. Metro Networks is the largest provider of traffic reporting services and a leading supplier of local news, sports, weather and video news services to television and radio broadcast industries. Defendant Metro Networks operates in over 80 markets nationally and services more than 2,000 radio and television affiliates in six countries.

11. Shadow Broadcast Services gathers traffic, news, sports, weather and

entertainment and provides this content to more than 350 of the top rated radio and television stations 24 hours a day, seven days a week.

12. On October 5, 1998, after working as a part-time traffic reporter for WBBM-AM for six years, Plaintiff was hired full-time at Shadow Broadcast Services/Metro Networks ("Shadow") to do on-air traffic reports, news headlines and occasional news anchoring for radio.

13. Initially, Plaintiff was selected by Shadow's client, radio station WVAZ-FM, to be their morning and afternoon on air traffic reporter. Over the next few months, several small suburban stations were taken away from other reporters and given to plaintiff. These stations included WCFL-AM, WRMN-AM and WWHN-AM in the morning and WBIG-AM and WKRS in the afternoon.

14. In March 1999, plaintiff began an assignment as a substitute news anchor on WVAZ in addition to his traffic reporting duties.

15. In July 1999, plaintiff received a permanent news reporting assignment on WWHN-AM. This assignment enabled plaintiff to enhance his news writing skills.

16. In November 1999, plaintiff lost the afternoon news reporting slot at WVAZ because the station wanted to put a female in that slot. As a result, plaintiff was demoted to part-time status.

17. When plaintiff asked Shadow's Operations Manager, Rick Sirovatka why he was being demoted to part-time, he was told that there was not enough money in the budget for plaintiff to do on air reports at small stations in the afternoon and a large station in the morning.

18. Contrary to Mr. Sirovatka's statement that there was no room in the budget for a reporter to work a large station one part of the day and small stations another part of the day, white colleagues Bonnie Greene, Bill Lindkugel and Joannie Young, were doing just that.

19. Westwood reported record operating results for the third quarter of 2000, including: net revenues increased $60,112,000, an increase of 76%; net income increased 85% to $9,870,000; and after tax cash flow increased $14,655,000 or 133%.

20. When plaintiff suggested that Shadow take some small stations from other employees to add to his schedule to keep him full-time, Mr. Sirovatka said the company does not do that, even though that is how plaintiff received the small stations he worked on in the months following his hiring at Shadow.

21. In May 2000, plaintiff received the midday traffic assignment on WBBM-AM and was restored to full-time status.

22. In August 2000, plaintiff was asked if he was interested in moving from WBBM's midday traffic report to its afternoon drive traffic slot, a more prestigious position. Plaintiff accepted the assignment.

23. Also in August 2000, WMAQ changed its format and no longer needed the five Shadow reporters that it used. All five reporters are white they are Jason Bell, Bonnie Greene, Bart Shore, Bill Souronis and Joannie Young.

24. None of the five white reporters who lost their assignments with WMAQ were demoted to part-time status, rather they were kept on as full-time by Shadow by being allowed to work with fewer responsibilities, or they were given other assignments, both on air and off, to keep them full-time.

25. In October 2000, plaintiff lost the WBBM afternoon drive slot and was put on part-time status once again.

26. When plaintiff asked Mr. Sirovatka why the white employees were found assignments

4

to keep them full-time, but he is demoted to part-time, Mr. Sirovatka responded that it was none of plaintiff's business.

27. Although defendants' employees have unionized, they are currently without a contract or a collective bargaining agreement, thus, no grievance procedures are in place.

28 Because of the discrimination plaintiff believed he was being victimized by, he filed reports with his supervisor, Rick Sirovatka, and to Westwood One, Inc,'s Corporate Compliance Counsel and Corporate Personnel Department in New York City, New York, as required by the Westwood One, Inc. Employee Handbook.

29. Plaintiff's complaint is based on a disparate treatment theory of discrimination.

## COUNT I

## SECTION 1981 - DISCRIMINATION IN TERMS OF FULL-TIME WORK STATUS

30. Plaintiff incorporates and realleges Paragraphs 1 through 29 of this Complaint as set forth herein.

31. The aforementioned conduct of the defendants was racially motivated and constitutes discrimination against plaintiff in connection with full-time work status in violation of 42 U.S.C. § 1981. A highly qualified African-American has been denied full-time work status which has been afforded to white employees.

32. The aforementioned conduct has resulted in damages to plaintiff including, but not limited to, loss of pay, loss of benefits, emotional anguish, humiliation and embarrassment. The foregoing acts of defendants, their agents and employees, were deliberate, intentional, willful, wanton and malicious and taken with reckless disregard to plaintiff's civil rights, thereby entitling plaintiff to punitive damages.

## PRAYER FOR RELIEF

With respect to Count I, plaintiff respectfully requests that this Court:

a. Enter a declaratory judgment finding and declaring that the defendants have discriminated against the plaintiff in violation of 42 U.S.C. § 1981;

b. Grant a permanent injunction enjoining defendants, their officers, successors, assigns and all persons in active concert or participating with them, from engaging in any conduct which discriminates on the basis of race;

c. Order defendants to reinstate plaintiff to full-time status with no waiting period for benefits;

d. Order defendants to make plaintiff whole by providing back pay and prejudgment interest in amounts to be proven at trial and other affirmative relief necessary to eradicate the effects of defendants' unlawful employment practices;

e. Order defendants to make plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices alleged herein;

f. Order defendants to make plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices alleged herein, including humiliation, in amounts to be determined at trial;

g. Order defendants to pay plaintiffs punitive damages for their malicious and reckless conduct alleged herein in amounts to be determined at trial;

h. Award attorney's fees and costs incurred in this action; and

i. Grant such other and further relief as this Court deems necessary and proper.

## COUNT II

## TITLE VII - RACE DISCRIMINATION IN TERMS AND CONDITIONS OF EMPLOYMENT

33. On October 16, 2000, plaintiff was demoted to part time employment status.

6

34. Less than 180 days later on October 27, 2000, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

35. On November 16, 2000, plaintiff received his Notice of Right to Sue, which was issued on request from the EEOC.

36. Plaintiff has filed this Complaint within ninety days of receiving his Notice of Right to Sue from the EEOC.

37. Plaintiff incorporates and realleges Paragraphs 1 through 36 of this Complaint as set forth herein.

38. The aforementioned conduct of defendants was racially motivated and constitutes discrimination by defendants against plaintiff in the terms and conditions of his employment in violation of Title VII of the Civil Rights Act of 1964, as amended.

39. The aforementioned conduct of defendants has resulted in damages to plaintiff including, but not limited to, loss of pay, loss of benefits, emotional anguish, humiliation and embarrassment. The foregoing acts of defendants, their agents and employees, were deliberate, intentional, willful, wanton and malicious and taken with reckless disregard to plaintiff's civil rights, thereby entitling plaintiff to punitive damages.

**PRAYER FOR RELIEF**

With respect to Count II, plaintiff respectfully requests that this Court:

    a. Enter a declaratory judgment finding and declaring that the defendants have discriminated against the plaintiff in violation of Title VII;

    b. Grant a permanent injunction enjoining defendants, their officers, successors, assigns and all persons in active concert or participating with

7

  them, from engaging in any conduct which discriminates on the basis of race;

c. Order defendants to reinstate plaintiff to full-time status with no waiting period for benefits;

d. Order defendants to make plaintiff whole by providing back pay and prejudgment interest in amounts to be proven at trial and other affirmative relief necessary to eradicate the effects of defendants' unlawful employment practices;

e. Order defendants to make plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices alleged herein;

f. Order defendants to make plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices alleged herein, including humiliation, in amounts to be determined at trial;

g. Award attorney's fees and costs incurred in this action; and

h. Grant such other and further relief as this Court deems necessary and proper.

                Respectfully submitted,

                _____
                Michael Jaskula
                Attorney for Plaintiff

Dated: December 20, 2000

Michael Jaskula
Attorney at Law
155 N. Michigan Avenue
Suite 556
Chicago, Illinois 60601
312-616-4480

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS
Brian Travis

JUDGE ASPEN

MAGISTRATE JUDGE NOLAN

### DEFENDANTS
Westwood One, Inc., Shadow Broadcast Services, a subsidiary of Westwood One, Inc., and Metro Networks, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

DOCKETED DEC 21 2000

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael Jaskula
Attorney at Law
155 N. Michigan Ave., Suite 556
Chicago, IL 60601
312-616-4480

ATTORNEYS (IF KNOWN)

00C 7963

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Racial discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. Sect. 1981, as amended by the Civil Rights Act of 1991 and Title VII.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | **LABOR** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth In Lending | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. REMARKS
General Rule 2.21D(2)
In response to ☒ is not a refiling of a previously dismissed action
this case ☐ is a refiling of case number _____ of Judge _____

DATE December 20, 2000   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

Brian Travis J.

Westwood One, Inc., Metro Networks, Inc., and Shadow Broadcast Services.

JUDGE ASPEN

MAGISTRATE JUDGE NOLAN

Case Number: **00C 7963**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

---

### (A)

- **SIGNATURE:** [signed] Michael Jaskula
- **NAME:** Michael Jaskula
- **FIRM:** Michael Jaskula, Attorney at Law
- **STREET ADDRESS:** 155 N. Michigan Ave., #556
- **CITY/STATE/ZIP:** Chicago, IL 60601
- **TELEPHONE NUMBER:** 312-616-4780
- **FAX NUMBER:** 312-616-4423
- **E-MAIL ADDRESS:** mjaskula@enteract.com
- **IDENTIFICATION NUMBER:** 6243174
- **MEMBER OF TRIAL BAR?** NO [X]
- **TRIAL ATTORNEY?** NO [X]

### (B)

(blank)

FILED DEC 20 2000 PH 1:23
CLERK U.S. DISTRICT COURT
DOCKETED DEC 21 2000

### (C)

(blank)

### (D)

(blank)